124 F.3d 212
 1997-2 Trade Cases P 71,976
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Leo J. HAMEL AND COMPANY, INC., a California corporation;
Leo J. Hamel, an individual, Plaintiffs-Appellants,
v.
BREITLING, USA, INC.; Marianne Bello, Defendants-Appellees.
 No. 96-16482.
 United States Court of Appeals, Ninth Circuit.
 Submitted** September 19, 1997
Filed Sept. 23, 1997.
 
 Appeal from the United States District Court for the Northern District of California, D.C. No. CV-95-03600-SI; Susan Yvonne Illston, District Judge.
 BEFORE: ALDISERT,*** SNEED and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Leo J. Hamel and Co., Inc., a retail jeweler with stores in San Francisco, Redwood City and San Diego, and Leo J. Hamel appeal the district court's summary dismissal of Hamel's action under the Sherman Act, 15 U.S.C. § 1, alleging that the
 
 
 3
 Swiss luxury watch manufacturer Breitling U.S.A., Inc. has conspired with its California dealers to fix the retail price of Breitling watches.[1] The district court dismissed Hamel's action on the ground that in 1992 Hamel signed a release discharging Breitling from any claims resulting from Breitling's termination of its dealer relationship with Hamel. We must decide whether Hamel produced sufficient evidence that the release was invalid because he signed the release under duress and economic coercion and because Breitling misled him about reinstating him as a dealer.[2] We agree with the district court that Hamel did not meet his burden and affirm.
 
 
 4
 Because the parties are familiar with the facts, we need not repeat them here except to state that beginning in 1989 Hamel distributed Breitling watches in San Diego and was terminated as a dealer in late 1991. The parties concluded the relationship on April 20, 1992 when, in exchange for $6,000, Hamel and his attorney Thomas Pinkerton signed a release in favor of Breitling stating in relevant part that Hamel:
 
 
 5
 [R]eleases and forever discharges Breitling and any and all shareholders, employees, officers, directors and agents (present, past or future) ... from any and all obligations, actions, causes of actions, suits, controversies, judgments, executions, demands, claims, liabilities, losses, damages, costs and expenses whatsoever, known or unknown, whether in law or in equity, which [he] ever had, now has or may [have] in the future ... arising out of facts or circumstances existing as of the date [of the release] including, but not limited to, any claims resulting from or arising in connection with the ... business relationship between Hamel and Breitling and termination thereof.
 
 
 6
 Hamel attempts to bring himself outside the language of the release by relying on the teachings of Rich & Whillock. Inc. v. Ashton Dev., Inc., 157 Cal.App.3d 1154 (1984). Rich & Whillock recognized that economic coercion could be grounds to invalidate a release of liability only when a wrongful act is "sufficiently coercive to cause a reasonably prudent person faced with no reasonable alternative to succumb to the perpetrator's pressure." Id. at 1158.
 
 
 7
 The district court determined that, in his attempt to demonstrate economic coercion, Hamel relied only on the naked averments in his complaint: "At that moment Hamel needed the cash...." Complaint p 22; "At the time, Hamel was in need of the money wrongfully withheld and to secure the money rightfully belonging to the company, Hamel, acting under duress and coercion, signed a general release." Id. p 31; "Breitling determined to withhold $8,000 that admittedly was [owed to me]"; Id. p 22; "Breitling then added the element that in exchange for the release they would give [me my] money and 'seriously consider' filling [my] orders once more." Id. The court determined that this was insufficient evidence of an extreme hardship:
 
 
 8
 Plaintiff has not offered any evidence of the type of extreme hardship presented in Rich & Whillock. Plaintiff simply alleges, without any factual elaboration, that he "needed the cash." As defendants point out, "the cash" he says he needed, $6,000, is less than the retail price of three Breitling watches; without more evidence, this cannot amount to an extreme hardship.
 
 
 9
 Dist. Ct. Op. at 6. We agree.
 
 
 10
 As the court noted, economic hardship is a doctrine that is to be applied "only in limited circumstances and as a 'last resort" ' San Diego Hospice v. County of San Diego, 31 Cal.App. 4th 1048, 1058 (1995); Rich & Whillock, 157 Cal.App.3d at 1158-1159.
 
 
 11
 We have considered all contentions presented by the parties and conclude that no further discussion is necessary. AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed. R.App. P. 34(a) and Ninth Cir. R. 34-4
 
 
 **
 * Ruggero J. Aldisert, Senior Judge, United States Court of Appeals for the Third Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts in this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Because Appellants' brief treats the individual Hamel as the principal actor we will hereinafter refer to him rather than the corporation
 
 
 [2]
 This is the sole issue presented for our consideration. As stated in his "Summary of Argument", Hamel argues "The District Court in granting summary judgment, based upon a general release, ignored uncontradicted evidence that the general release was signed under duress and coercion, thereby depriving Plaintiffs of the fundamental due process protections under Federal Rules of Civil Procedure." Appellant's Brief at 9